# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

UNITED STATES OF AMERICA,
     Plaintiff,

v.

TEELA MOORE HENDRIX,
     Defendant.

No. 1:19-cr-139

Judge McDonough

## RESPONSE IN OPPOSITION TO § 3582(c) MOTION

Hendrix seeks a lesser sentence in light of Guideline Amendment 821, Part B, which created U.S.S.G. § 4C1.1 and reduced by two levels the offense level for certain offenders who had received no criminal history points, *i.e.*, zero-point offenders.   (Docs. 157, 159, Motions.) The United States responds within the time period specified by Standing Order 24-05.   (*See* Doc. 158, Notice.)   Because Hendrix has not satisfied all the criteria in U.S.S.G. § 4C1.1, she is ineligible for any relief under 18 U.S.C. § 3582(c)(2), and her motion should be denied.

## LEGAL BACKGROUND

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *accord Dillon v. United States*, 560 U.S. 817, 824 (2010).   But 18 U.S.C. § 3582(c)(2) authorizes a court to impose a reduced term of imprisonment, consistent with policy statements in the Sentencing Guidelines, where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment, such as Part B of Amendment 821. 18 U.S.C. § 3582(c)(2); *see also* 28 U.S.C. § 994(u); U.S.S.G. § 1B1.10.   That provision created a two-level downward adjustment in the offense level of a defendant who "meets all of the following criteria:"

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1(a). As with the safety-valve provision of the Guidelines, the defendant bears the burden to prove eligibility for this new downward adjustment. *See*, *e.g.*, *United States v. Reinberg*, 62 F.4th 266, 268 (6th Cir. 2023). A defendant who does not satisfy all the criteria is categorically ineligible for any sentence reduction under Amendment 821, Part B

## RELEVANT FACTS

Hendrix sexually abused her 4-year-old son and the family dog, created video recordings of the abuse, and sent those videos to other individuals online in exchange for videos depicting the sexual abuse of other minors. (Doc. 24, Plea Agreement at ¶ 4.) She pleaded guilty to transporting child pornography by computer in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1) and creating an animal crush video in violation of 18 U.S.C. § 48. (Doc. 149, Judgment.) The

Court determined that her total offense level was 43. (Doc. 150, Sealed Statement of Reasons.) Hendrix had zero criminal history points and a criminal history category of I, resulting in a guidelines range of life imprisonment, but the maximum possible sentence was 324 months' imprisonment in light of the statutory maximum for each offense. (Doc. 141, Sealed Presentence Report at ¶¶ 111-12, 154; Doc. 150, Sealed Statement of Reasons.) The Court sentenced Hendrix to a lesser term of 235 months in prison. (Doc. 149, Judgment; Doc. 147, Sealed Document.) Hendrix is expected to complete that sentence in December 2035. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed May 28, 2024).

## ANALYSIS

Hendrix is a "zero-point offender" (Doc. 141, Sealed Presentence Report at ¶ 111), but her offense of conviction is a "sex offense" as defined by U.S.S.G. § 4C1.1(b)(2). Accordingly, Hendrix cannot satisfy U.S.S.G. § 4C1.1(a)(5), and she is thus ineligible for any sentence reduction under Amendment 821, Part B. Her motion should be summarily denied.

Respectfully submitted,

Francis M. Hamilton III
United States Attorney

By:     *s/James T. Brooks*
        JAMES T. BROOKS, BPR #021822
        Assistant United States Attorney
        1110 Market Street, Suite 515
        Chattanooga, Tennessee 37402
        (423) 752-5140
        james.brooks@usdoj.gov

3

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on May 28, 2024, this response was filed electronically, and a true copy was

sent to defendant by regular United States mail, postage prepaid, addressed as follows:

Teela Moore Hendrix
No. 54685-074
FCI Aliceville
P.O. Box 4000
Aliceville, AL   35442

*s/James T. Brooks*
James T. Brooks
Assistant United States Attorney

4